NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-2207 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00166-ODW-1 |
| v. | |
| DU TRUONG NGUYEN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted March 7, 2025**
Pasadena, California

Before: SANCHEZ and H.A. THOMAS, Circuit Judges, and DONATO,***
District Judge.

Du Truong Nguyen was charged with conspiracy to launder monetary

instruments, and laundering monetary instruments, under 18 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

§§ 1956(a)(3)(B), (h). A jury found him guilty of both offenses. Nguyen challenges the sufficiency of the evidence for the verdict. We have jurisdiction under 28 U.S.C. § 1291. The parties' familiarity with the record is assumed, and we affirm.

When, as here, a defendant did not move for acquittal under Federal Rule of Criminal Procedure 29 at the close of evidence, we review "only to prevent a manifest miscarriage of justice, or for plain error."[1] *United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1201 (9th Cir. 2000). Accordingly, Nguyen must establish "'(1) error, (2) that is plain, (3) that affect[s] substantial rights,' and '(4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Gadson*, 763 F.3d 1189, 1203 (9th Cir. 2014) (alterations in original) (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)).

1. For conspiracy to commit money laundering under 18 U.S.C. § 1956(h), the government was required to prove that "[t]here was an agreement to commit money laundering," "[t]he defendant knew the objective of the agreement," and

---

[1] Even if Nguyen's challenge were preserved, our review of the jury verdict "is highly deferential." *United States v. Rubio-Villareal*, 967 F.2d 294, 296 (9th Cir. 1992) (en banc). "[W]e must ask whether, viewing 'the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Hursh*, 217 F.3d 761, 767 (9th Cir. 2000) (quoting *United States v. Hubbard*, 96 F.3d 1223, 1226 (9th Cir. 1996)).

"[t]he defendant joined the agreement with the intent to further its unlawful purpose." *United States v. Jaimez*, 45 F.4th 1118, 1124 (9th Cir. 2022) (citations omitted).

Sufficient evidence was adduced at trial for a rational jury to conclude that Diana Nguyen agreed to, and acted to facilitate, a conspiracy with Nguyen. *See United States v. Lapier*, 796 F.3d 1090, 1095 (9th Cir. 2015). The government presented evidence that Diana: (1) attended several meetings at which the laundering of "drug money" was discussed; (2) participated in the conversations at those meetings; and (3) took Nguyen and Andrew Yip, the government informant, to her Chase Bank branch at Nguyen's request. This evidence was sufficient to show that Diana was not merely a passive bystander to persons engaged in illegal activity. *See, e.g.*, *United States v. Reed*, 575 F.3d 900, 924 (9th Cir. 2009) ("[A] jury may infer the existence of an agreement from circumstantial evidence, such as the defendant's conduct."). Nguyen's focus on certain pieces of the conspiracy evidence in isolation is misdirected. *See United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc). Consequently, there was no plain error.

2. For the money-laundering offense, the government was required to prove that Nguyen conducted or attempted to conduct "a financial transaction involving property represented to be the proceeds of specified unlawful activity," "with the intent . . . to conceal or disguise the nature, location, source, ownership, or control

3

of property believed to be the proceeds of specified unlawful activity." 18 U.S.C. § 1956(a)(3)(B).

The government presented evidence at trial that (1) on several occasions, Nguyen offered to, and in fact did, fill out currency transaction report forms when Yip declined to do so; (2) Yip told Nguyen at meetings that the money was "drug money" and "needs to be laundered"; (3) two days before the transaction in question, Nguyen opened a business account, deposited the drug money into that account, and drew a cashier's check from it; and (4) before the Chase Bank meeting, Nguyen cautioned Yip not to disclose that the money was drug money.

Relying on decisions by the Seventh and D.C. Circuits, Nguyen narrowly contends that a rational jury could not find beyond a reasonable doubt that he had the intent to conceal because the laundering transaction was easily traceable to him. But the government was not required to prove that Nguyen intended to conceal his own identity. Rather, under § 1956(a)(3)(B), the government needed to prove that Nguyen intended to conceal the "nature, location, source, ownership, or control" of the money itself. Here, the government's evidence sufficiently established that Nguyen intended to conceal that the money was drug money from Yip. Because a rational jury could conclude that Nguyen committed money laundering, Nguyen has not established plain error.

**AFFIRMED.**

4